J-S27007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD GRIFFITH | : | |
| | : | |
| Appellant | : | No. 1916 EDA 2017 |

Appeal from the PCRA Order May 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004784-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 28, 2018**

Donald Griffith ("Appellant") appeals *pro se* from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, without a hearing.  We affirm.

The PCRA court summarized the history of this case as follows:

> A jury convicted [Appellant] of first degree murder, possession of an instrument of crime (PIC) and violations of the Uniform Firearms Act (VUFA) on April 19, 2013.  On that same day, [Appellant] was sentenced to life imprisonment without the possibility of parole.  [Appellant] filed a post-[sentence] motion on April 23, 2013.  The motion was denied on September 13, 2013.  On September 23, 2013, [Appellant] filed a notice of appeal, and was ordered on September 24, 2013 to file a statement of matters complained of on appeal.  Said statement was filed on October 15, 2013.  On January 17, 2014, this court issued an opinion.  On October 6, 2014, the Superior Court affirmed the judgment of sentence.  [***Commonwealth v. Griffith***, 108 A.3d 103, 2768 EDA 2013 (Pa. Super. filed October 6, 2014) (unpublished memorandum).]

On August 6, 2015, [Appellant] filed a *pro se* Post Conviction Relief Act (PCRA) petition. Thereafter, on April 10, 2017, appointed counsel filed a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) and *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988). This court took the "no merit" letter under advisement, and issued a notice of intent to dismiss the PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on April 24, 2017. On May 10, 2017, [Appellant] filed a response to counsel's "no merit" letter. On May 30, 2017, this court issued an order formally dismissing [Appellant's] PCRA petition [and permitting counsel to withdraw]. [Appellant] filed a notice of appeal on June 5, 2017.

PCRA Court Opinion, 10/19/17, at 1–2.

On appeal, Appellant presents the following questions for our review:

I.   Did the PCRA Court err by failing to hold an evidentiary hearing to develop Appellant's claim that missing portions of his trial transcripts prevented him from adequate appellate review?

II.  Was trial counsel ineffective for advising Appellant that material eyewitnesses did not need to be called to testify?

Appellant's Brief at 4.[1]

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is

---

[1]  As the facts of the crime are not germane to the issues raised, we do not repeat them here. We note that Attorney Thomas L. McGill, Jr. ("trial counsel") represented Appellant at trial and on direct review.

free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). We will not disturb the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant first complains that because the PCRA court found waiver, it did not conduct an evidentiary hearing to develop Appellant's claim that missing portions of his trial transcript resulted in a meaningless appeal. Appellant's Brief at 7. We reiterate that there is no absolute right to an evidentiary hearing. **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). "[T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied 'there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" **Commonwealth v. Cousar**, 154 A.3d 287, 297 (Pa. 2017) (citing **Commonwealth v. Roney**, 79 A.3d 595, 604 (Pa. 2013)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." **Springer**, 961 A.2d at 1264.

Appellant desired an evidentiary hearing to develop his claims of ineffective assistance of counsel ("IAC"). When considering an IAC claim, we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975–976 (Pa. 1987)). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). An IAC claim will fail if the petitioner's evidence fails to meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). "In accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the Pierce test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa. Super. 2009).

Contesting the PCRA court's finding of waiver, Appellant asserts that he "did meaningfully discuss each prong of [trial] counsel's ineffectiveness" in

failing to raise a challenge to objectionable portions of the prosecutor's closing arguments.[2]  Appellant's Brief at 7 (citing Objection to Counsel's Finley Letter, 5/10/17).  Additionally, Appellant contends that PCRA counsel failed "to review the record when Appellant raised the claim in an initial pro se petition" and failed "to exercise reasonable diligence" by not raising a claim of trial counsel's ineffectiveness.  *Id.* at 8.

In his no-merit letter, PCRA counsel advised that Appellant could have raised the incomplete-transcript issue on direct appeal, but did not; therefore, Appellant waived it.  Letter of No Merit Pursuant to Commonwealth v. Finley, 4/10/17, at 12.  Additionally, PCRA counsel opined that Appellant:

> does not provide any details regarding what those prejudicial statements were.[3]  Further, [t]he trial record does not indicate that [trial counsel] (who is presumed to be effective) objected to or placed any alleged prejudicial statements on the record.  As a result, this allegation of ineffective assistance of counsel has been waived for lack of development.

_____

[2]  According to Appellant, the prosecutor "comment[ed] upon his opinion of what Appellant's state of mind was during commission of the offense." Appellant's Brief at 9.

[3]  PCRA counsel described Appellant's claim as follows:

> The Petitioner claims that the Prosecutor "referred to Petitioner's state of mind several times in his closing argument with prejudicial remarks." PCRA, p. 9 (unnumbered) (8/6/2015). The Petitioner further claims that the Prosecutor made "repeated prejudicial comments about Petitioner's mental state [which] inflamed the jury's determination such that they were unable to render a true verdict." PCRA, p. 10.

Letter of No Merit Pursuant to Commonwealth v. Finley, 4/10/17, at n.9.

*Id.* at 13.

The PCRA court addressed Appellant's first issue as follows:

[Appellant] contends that his "appeal was meaningless because the prosecutor made prejudicial statements during his closing argument and the arguments were not transcribed" by the court reporter. As an initial matter, this contention has been waived since it could have been, but was not litigated on direct appeal. 42 Pa.C.S.A. § 9544 provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." Additionally, if an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (citing *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008)). [Appellant] argues that he was prejudiced by the prosecutor's comments but fails to identify the allegedly prejudicial comments. Thus, this undeveloped ineffective assistance of counsel claim is meritless.

PCRA Court Opinion, 10/19/17, at 6–7.

Upon review, we agree with the PCRA court that Appellant waived his first issue. Appellant did not raise this issue on direct appeal. Arguably, his failure to do so is excused because he is alleging ineffective assistance of counsel. *See Commonwealth v. Albrecht*, 720 A.2d 693, 700 (Pa. 1998) ("[A] PCRA petitioner's waiver will only be excused upon a demonstration of ineffectiveness of counsel in waiving the issue."). However, when Appellant resurrected his challenge to the prosecutor's comments in his *pro se* PCRA petition, he did not frame it as an IAC claim. PCRA Petition, 8/6/15, at ¶ 9; 42 Pa.C.S. § 9543(a)(2)(iii). In fact, Appellant first raised an IAC claim based on the prosecutor's comments in his response to counsel's "no merit" letter;

however, he did not raise the IAC claim against trial counsel, but against PCRA counsel, arguing that PCRA counsel should have filed an amended petition that raised trial counsel's ineffectiveness. Objection to Counsel's Finley Letter, 5/10/17, at ¶¶ 6–8.

Moreover, Appellant failed to develop an IAC claim against trial counsel and PCRA counsel in his appellate brief. Pa.R.A.P. 2119(a). He does not discuss or apply the standard for ineffectiveness claims, and he fails to develop an argument concerning the *Pierce* factors. "Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001). Consequently, Appellant's current IAC claim against trial counsel is waived, and his derivative claim of PCRA counsel ineffectiveness fails. *See Commonwealth v. Hall*, 872 A.2d 1177, 1184 (Pa. 2005) (explaining that failure on the part of the petitioner to develop all three *Pierce* prongs will result in a failure to "establish the arguable merit prong of the claim of subsequent counsels' ineffectiveness").

Given our conclusion that Appellant waived his first issue, we discern no abuse of the PCRA court's discretion in denying relief without an evidentiary hearing, as there were no genuine issues of material fact. *Cousar*, 154 A.3d at 297. Appellant's contrary assertion fails.

In his second issue, Appellant again assails trial counsel's representation as ineffective. Appellant's Brief at 11. According to Appellant, trial counsel lacked a reasonable strategic basis "for counseling Appellant to agree to not call witnesses who's [sic] testimony would have corroborated Appellants [sic]" claim that he acted in self-defense. *Id.* at 12.[4] Appellant also asserts that "there exists a reasonable probability that, but for [trial counsel's] action, the jury would have been left with reasonable doubt as to Appellant's culpability for 1st Degree murder[;] a conviction of a lesser degree of murder would have been more likely to occur had the jury heard the proffered testimony." *Id.* at 13.

In his no-merit letter, PCRA counsel explained that, although the witness, Andrew Taylor, was available to testify, Appellant and trial counsel "made a tactical and strategic decision not to call Mr. Taylor as a witness." Letter of No Merit Pursuant to Commonwealth v. Finley, 4/10/17, at 9. Additionally, PCRA counsel detailed why Appellant's "argument of ineffective assistance of counsel for failing to call Mr. Taylor has no arguable merit nor was there a reasonable probability that the outcome of the proceedings would have been different had Mr. Taylor testified." *Id.* at 9–10.

---

[4] At trial, the defense considered calling two witnesses, Andrew Taylor and Angel Ortega. N.T., 4/17/13, at 69. On appeal, Appellant argues that trial counsel was ineffective for failing to call Andrew Taylor as a witness. Appellant's Brief at 12. Consequently, any challenge to the absence of Angel Ortega's testimony is waived.

The PCRA court addressed Appellant's second claim of error as follows:

[Appellant] claims that counsel was ineffective for failing to investigate and subpoena an eyewitness who made a statement to the police that [Appellant] attempted to back away from the witness and victim. To establish counsel's ineffectiveness for failure to call a witness, [Appellant] must show that:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of the witness; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.

*Commonwealth v. O'Bidos*, 849 A[.]2d 243, 249 (Pa. Super. 2004)[,] *appeal denied*, 860 A[.]2d 123 (Pa. 2004) (quoting *Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super 2002).

In order to demonstrate prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can demonstrate that the witness's statement would have been helpful to the defendant. A failure to call a witness is not *per se* ineffective assistance of counsel, for such decision usually involves matters of trial strategy. *Commonwealth v. Sneed*, 45 A.3d 1096, 1108–[11]09 (Pa. 2012).

In this case, [Appellant] argues that counsel was ineffective for failing to investigate and subpoena a witness, Andrew Taylor, despite his availability. The trial record shows that [Appellant] and counsel made a strategic decision not to call Mr. Taylor as a witness:

- 9 -

| | |
|---|---|
| Counsel: | Judge, over lunch I had the opportunity to discuss with [Appellant] the thought of calling Mr. Taylor and Mr. Ortega as witnesses in the defense's case. After considering both the upside and downside, we were in agreement that we would not call them. |

N.T. 4/17/2013 at 78.

Thereafter, based on counsel's representation, this court conducted a colloquy with [Appellant] on the strategic decision to not call Taylor as a witness:

| | |
|---|---|
| Court: | [Trial counsel] has told me that you also decided for tactile (sic) and strategic purposes not to call as a witness Andrew Taylor and you will not be calling as a witness Angel Ortega; is that correct? |
| Defendant: | Yes, sir, it is. |
| Court: | You discussed this with him? |
| Defendant: | Yes, sir. |
| Court: | The two of you are in agreement that you will not call either one of those witnesses - is that right? |
| Defendant: | Yes, sir. |
| Court: | Did anyone threaten you, promise you anything or force you to make any of the decisions you made? |
| Defendant: | No, sir. |
| Court: | Are those decisions made of your own free will? |
| Defendant: | Yes, sir. |
| Court: | Did you discuss them with [trial counsel]? |

Defendant:     Yes.

Court:           Are you satisfied with [his] services?

Defendant:     Absolutely, yes, sir.

N.T. 4/17/2013 at 81-82.

Here, petitioner is bound by his statements made during the oral colloquy and may not now assert a claim that contradicts his in court admissions. *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, this claim is meritless.

PCRA Court Opinion, 10/19/17, at 7–9.

The record disproves Appellant's claim that trial counsel was ineffective for failing to call Andrew Taylor as a witness. The trial court colloquied Appellant regarding his strategy not to present the witness. N.T., 4/17/13, at 81–82. Appellant specifically informed the trial court that he was aware of his right to present the witness, but that he decided not to call him after consultation with his attorney. *Id.* The trial court found that Appellant "has knowingly, intelligently, and voluntarily been able to make the decisions discussed on this record." *Id.* at 82. Having made an informed decision not to call Andrew Taylor as a witness, Appellant cannot now fault trial counsel for failing to do so. *Commonwealth v. Ligons*, 971 A.2d 1125, 1148 (Pa. 2009) (citations omitted). The record supports the conclusions of the PCRA court, and its ruling is free of legal error. Thus, we affirm the order denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/18